**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

MORGAN T. ZURN
VICE CHANCELLOR

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 11400
WILMINGTON, DELAWARE 19801-3734

April 5, 2023

Michael J. Barry, Esquire
Grant & Eisenhofer P.A.
123 Justison Street, 7th Floor
Wilmington, DE  19801

Raymond J. DiCamillo, Esquire
Richards, Layton & Finger, P.A.
920 North King Street
Wilmington, DE  19801

Thomas Curry, Esquire
Saxena White P.A.
824 North Market Street, Suite 1003
Wilmington, DE  19801

Gregory V. Varallo, Esquire
Bernstein Litowitz Berger & Grossman LLP
500 Delaware Avenue, Suite 901
Wilmington, DE  19801

> RE: ***In re AMC Entertainment Holdings, Inc. Stockholder Litigation,***
> Consol. Civil Action No. 2023-0215-MTZ

Dear Counsel:

I write to resolve the plaintiffs' Unopposed Motion to Lift the Status Quo Order Due to the Parties' Proposed Settlement (the "Motion").[1]  For the reasons that follow, the Motion is denied.

On February 27, 2023, the then-parties to the two actions constituting this consolidated matter stipulated to expedited proceedings and a status quo order by which the defendants agreed not to amend AMC Entertainment Holdings, Inc.'s

---

[1] Docket Item ("D.I.") 59 [hereinafter "Mot."].  Citations in the form of "D.I. —" refer to docket items in *In re AMC Entertainment Holdings, Inc. Stockholder Litigation*, C.A. No. 2023-0215-MTZ (Del. Ch.), formerly *Allegheny County Employees' Retirement System v. AMC Entertainment Holdings, Inc., et al.*, C.A. No 2023-0215-MTZ (Del. Ch.). Citations in the form of "2023-0216, D.I. —" refer to docket items in *Usbaldo Munoz, et al. v. Adam M. Aron, et al.*, C.A. No. 2023-0216-MTZ (Del. Ch.).

The plaintiffs assert "AMC Entertainment Holdings, Inc. ('AMC') and its board of directors (the 'Board' and, together with AMC, 'Defendants') do not oppose, and support, this motion."  Mot. at 1.  AMC is not a party to the operative complaint in this consolidated action.  D.I. 14 ¶ 7; D.I. 20 ¶ 7; 2023-0216, D.I. 19 ¶ 7; 2023-0216, D.I. 26 ¶ 7; 2023-0216, D.I. 1.

("AMC" or the "Company") certificate of incorporation as a result of any vote at the Company's March 14 special meeting, pending the Court's ruling on the plaintiffs' forthcoming preliminary injunction motion.[2] That same day, the Court entered an order giving effect to those stipulations and setting a preliminary injunction hearing date for April 27.[3]

On April 3, AMC filed a Form 8-K announcing the parties to the consolidated action reached a proposed settlement.[4] The same day, the plaintiffs filed the Motion.[5] As described in the Motion,[6] the parties agreed that if the Court approves lifting the status quo order, AMC will (1) "increase the authorized number of shares of Common Stock," (2) "convert the Company's outstanding AMC Preferred Equity Units ('APES') into shares of Common Stock," (3) and "effect a 1-to-10 reverse split of AMC equity."[7] Then, AMC's pre-conversion common stockholders would receive "one additional share of Common Stock for every seven-and-one-half (7.5) shares of Common Stock held as of the issuance."[8] The Motion further explains that "the Settlement terms contemplate performance before [a settlement] hearing takes place," and "AMC anticipates executing the convergence, and issuance of settlement shares, as soon as practicable after the lifting of the *status quo* order."[9] The Motion asks the Court to lift the status quo order to allow AMC to implement the issuance, conversion, reverse split, and distribution of common shares before the settlement is noticed to stockholders and approved by the Court.

---

[2] D.I. 9; 2023-0216, D.I. 9.

[3] D.I. 10; 2023-0216, D.I. 10.

[4] AMC Entertainment Holdings, Inc., Current Report (Form 8-K) (Apr. 3, 2023).

[5] Mot.

[6] The Court does not have a copy of the settlement term sheet. To the Court's knowledge, the parties have not yet signed a final stipulation of settlement. *Id.* ¶ 3.

[7] *Id.* ¶ 4.

[8] *Id.* ¶ 5.

[9] *Id.* ¶¶ 23, 26 (emphasis omitted).

Once a status quo order is in place, the party seeking modification or vacatur bears the burden of showing why it should be modified or vacated.[10] Generally, a status quo order binds the parties until this Court enters a final judgment in the matter or specifically orders otherwise upon good cause shown.[11] As with the decision to enter a status quo order, the decision to order otherwise is "within the discretion of the trial judge."[12]

The parties seek to lift the status quo order to allow the defendants to complete their settlement obligations before the settlement is noticed, considered, and approved.[13] This Court has cautioned against parties performing even partial

---

[10] *In re Coinmint, LLC*, 2021 WL 1996961, at *8 (Del. Ch. May 18, 2021) (applying a "good cause" standard to vacate a status quo order); *R&R Cap. LLC v. Merritt*, 2013 WL 1008593, at *8 (Del. Ch. Mar. 13, 2013) (citing *Conn. Gen. Life Ins. Co. v. Pinkas*, 2010 WL 4925832, at *2 (Del. Ch. Nov. 18, 2010)).

[11] *See Coinmint*, 2021 WL 1996961, at *8 ("The [status quo order] binds the parties until this Court enters a final judgment in the matter or specifically orders otherwise upon good cause shown." (citation omitted)); *R&R Cap.*, 2013 WL 1008593, at *8 (citing *Conn. Gen. Life Ins.*, 2010 WL 4925832, at *2).

[12] *R&R Cap.*, 2013 WL 1008593, at *8 (citation omitted).

[13] Mot. ¶ 23 ("Here, the parties agree that the Court should lift the *status quo* order because the proposed Settlement would provide a substantial benefit to the [proposed] settlement class—namely, receipt of Common Stock that will likely be worth more than $100 million—but contingent upon lifting of the *status quo* order and the conversion and reverse split being consummated. Importantly, while the term sheet contemplated that the parties will work in good faith to achieve final approval of the [Proposed] Settlement at an anticipated future hearing, the [Proposed] Settlement terms contemplate performance **before** such hearing takes place."); AMC Entertainment Holdings, Inc., Current Report (Form 8-K) (Apr. 3, 2023) ("However, in order to allow the Status Quo Order to be lifted now and permit the Conversion of AMC Preferred Equity Units into Class A common stock to proceed, the Company has agreed to make a settlement payment to the Plaintiffs' class in the form of Class A common stock (the 'Settlement Payment'). The obligation to make the Settlement Payment only arises if the Status Quo Order has been lifted and the Conversion has taken place. Subject to these conditions, the Company, on behalf of the named defendants, has agreed, promptly following the Conversion, to make a settlement payment to the record holders of the Class A common stock as of the Settlement Class Time (as defined below).").

settlement obligations before a settlement hearing, as doing so prevents the Court from meeting its obligation to oversee class action settlements.[14]  It is well settled that the Court of Chancery's role in approving class action settlements under Court of Chancery Rule 23 "is intended to balance policies favoring settlement with concerns for due process"[15] and arises "from the fiduciary nature of representative actions," particularly "the need to assure that the interests of absent class members or stockholders have been fairly represented, and the necessity of guarding against the ever-present potential for surreptitious buyouts of representative plaintiffs at the expense of those whom they purport to represent."[16]

---

[14] *See Chickering v. Giles*, 270 A.2d 373, 376 (Del. Ch. 1970); *In re SS & C Techs., Inc., S'holders Litig.*, 911 A.2d 816, 819 (Del. Ch. 2006) ("This court, in reviewing settlements, has often reminded counsel of the *Chickering* decision and of the necessity to present settlements quickly and to advise the court when some exigent circumstance makes it difficult or impossible to give the necessary notice and seek formal approval before the performance of some part of the settlement.").  This Court has rejected proposed settlements when they were partially performed before the settlement hearing. *See, e.g.*, *SS & C Techs.*, 911 A.2d at 819; *Reith v. Lichtenstein*, C.A. 2018-0277-MTZ, D.I. 196 (Del. Ch. Oct. 3, 2022) (TRANSCRIPT).  Performance without approval is particularly inappropriate where the parties have identified no need to circumvent Court of Chancery Rule 23(e).  *See Chickering*, 270 A.2d at 376; *cf. Barkan v. Amsted Indus., Inc.*, 567 A.2d 1279, 1285 (Del. 1989).

[15] *In re Celera Corp. S'holder Litig.*, 59 A.3d 418, 434 (Del. 2012) (quoting, 567 A.2d at 1283); *id.* ("Rule 23(e)'s requirement that court approval be obtained before any settlement is consummated and the Court of Chancery's role in reviewing the settlement is required to safeguard due process rights, to ensure that the settlement represents 'a genuine bargained-for exchange between adversaries with a bona fide stake in the litigation,' and also that the settlement agreement's terms 'provide a benefit to the members of the class and not merely a promise to pay the fees of their counsel.'" (footnotes and citations omitted)).

[16] Donald J. Wolfe, Jr. & Michael A. Pittenger, *Corporate and Commercial Practice in the Delaware Court of Chancery* § 13.03[f][1] at 13-28–29 (citations omitted); *id.* at 13-29 n.95 (citing *Wied v. Valhi, Inc.*, 466 A.2d 9 (Del. 1983), *cert. denied,* 465 U.S. 1026 (1984), and *In re Activision Blizzard, Inc. S'holder Litig.*, 124 A.3d 1025, 1042–43 (Del. Ch. 2015), and *De Angelis v. Salton Maxim Housewares, Inc.*, 641 A.2d 834, 841 (Del. Ch. 1993), *rev'd on other grounds sub nom. Prezant v. De Angelis*, 636 A.2d 915 (Del. 1994), and *Erickson v. Centennial Beauregard Cellular LLC*, 2003 WL 1878583, at *4

*In re AMC Entertainment Holdings, Inc. Stockholder Litigation*,
Consol. Civil Action No. 2023-0215-MTZ
April 5, 2023
Page 5 of 6

The parties offer no good cause to lift the status quo order. The plaintiffs assert the status quo order must be lifted only to permit performance of the settlement agreement, which would allow the putative class members to receive the settlement consideration more quickly and "remove significant uncertainty" weighing on AMC.[17] That is true in every class action or derivative settlement, and yet we pause to follow Rules 23 and 23.1. In the absence of any demonstrated need to reorder the established and purposeful order of operations, I must conclude that harm to the putative class suffered by foregoing Rule 23's required protections of proper notice, opportunity to object, and approval exceeds the benefit of receiving the common stock sooner.[18]

The defendants' proposed premature performance under the proposed settlement is not justified, and so the parties have not shown good cause to vacate the stipulated status quo order. And while the plaintiffs acknowledge that "the parties agree that the stipulated status quo order should be lifted," and suggest that the proposed settlement is contingent on lifting the stipulated status quo order, such

---

(Del. Ch. Apr. 11, 2003) (citing *Prezant*, 636 A.2d at 922), and *Chickering*, 270 A.2d 373).

[17] Mot ¶ 7; *id.* at 8 ("[T]he *status quo* order should be lifted because the proposed settlement's substantial benefits to the class should be effected as soon as feasible.") (capitalization altered); *id.* ¶ 25; *cf. Polk v. Good*, 507 A.2d 531, 538 (Del. 1986) ("[T]his case does not present the sort of abuse of the settlement process which *Chickering* addressed.").

[18] *Celera*, 59 A.3d at 434 ("Equitable notions of fairness and efficiency justify the use of the class action device. Yet its departure from the usual course requires ardent respect for the limits of due process, limits that dictate when a party may be constitutionally bound by litigation conducted by another. Court of Chancery Rule 23 is designed to protect the due process rights of absent class members. Only through strict compliance with Rule 23 may a court's judgment bind the absent members. Settlements reached in the absence of strict compliance will fail to deliver the 'global peace' defendants seek." (quoting *In re Countrywide Corp. S'holders Litig.*, 2009 WL 846019, at *10 (Del. Ch. Mar. 31, 2009))); *De Angelis*, 641 A.2d at 841 ("The requirement that leave of court be obtained to dismiss a class action suit is not a mere technicality. It serves an important function in ensuring that class representatives are faithful in carrying out the fiduciary duties which they owe to class members." (citing *Wied,* 466 A.2d 9)).

agreement does not rise to good cause in view of this Court's Rule 23 obligations.[19]

    Accordingly, the Motion is **DENIED**.

Sincerely,

*/s/ Morgan T. Zurn*

Vice Chancellor

MTZ/ms

cc: All Counsel of Record, via *File & ServeXpress*

---

[19] Mot. ¶ 3 (emphasis omitted); *id.* ¶ 7 ("[A]ll parties agree that the *status quo* order should be lifted."); *supra* note 13.